NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TING ZHOU, | No. 11-71253 |
| Petitioner, | Agency No. A095-673-923 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Ting Zhou, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") denying her motion to reopen removal

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  Reviewing for abuse of discretion the BIA's denial of a motion to reopen,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Zhou's motion to reopen on the grounds that it was number barred, *see* 8 C.F.R. § 1003.2(c)(2) (providing that, generally, "a party may file only one motion to reopen removal proceedings . . . ."), and that she had failed to present evidence of changed conditions in China material to her claim to asylum in order to warrant an exception to the numerical limitation applicable to motions to reopen, *see Najmabadi*, 597 F.3d at 986 ("The BIA can deny a motion to reopen" based on changed country conditions for "failure to introduce previously unavailable, material evidence" (citation and internal quotation marks omitted)).

We lack jurisdiction to review the BIA's refusal to reopen Zhou's removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Finally, because our determination regarding the number bar is dispositive, we decline to consider Zhou's allegation of lack of notice. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-71253